## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: MARY ANN PITTMAN, Debtor | ) | CASE NO. 20-51400-KMS |
| | ) | CHAPTER 13 |
| | ) | |
| MARY ANN PITTMAN | ) | PLAINTIFF |
| | ) | |
| VS. | ) | ADV. PROC. NO._____ |
| | ) | |
| HYUNDAI CAPITAL AMERICA, DBA | ) | |
| KIA MOTORS FINANCE | ) | DEFENDANT |

## COMPLAINT

### Introduction

1. This is an action for actual and punitive damages filed by the debtors pursuant to Section 362 of the Bankruptcy Code.

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, § 157(b)(2) of Title 28 of the United States Code.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### Parties

7. The Plaintiff in this case is the debtor under Chapter 13 of Title 11 of the United States Code in case number 20-51400-KMS, which case is presently pending before this court. The Plaintiff

is hereinafter referred to as the Plaintiff or the Debtor.

8. The Defendant, Hyundai Capital America, DBA Kia Motors Finance, (hereinafter "Kia") is a corporation with its principal place of business located at 3161 Michelson Drive, Suite 1900, Irvine, CA 92612. Kia can be served with process through its Registered Agent at NRAI Agents, Inc., 645 Lakeland East Dr., Ste 101, Flowood, MS 39232.

9. On or about September 9, 2020, Plaintiff's 2017 Kia Forte was repossessed by Kia.

10. The Chapter 13 case of the Plaintiff was commenced by the filing of a voluntary petition with the Clerk of this Court on September 17, 2020.

11. Plaintiff's counsel's office contacted Kia by telephone on September 18, 2020 and requested debtor's car be returned. Plaintiff counsel's office followed up with additional calls to Kia on September 22, 2020 and September 23, 2020 again requesting the return of the vehicle. On September 22, 2020, Counsel's office was notified that the vehicle was in Dallas, TX and the Plaintiff must pick the vehicle up in Dallas, TX.

12. On September 23, 2020, Counsel's office demanded the return of the vehicle to Mississippi. Counsel's office was again informed that the car would not be returned to Mississippi and that Debtor would have to travel to Dallas, TX to pick up the vehicle.

13. As of September 25, 2020, the vehicle has not been returned to the Debtor and is still being held in Dallas, TX.

14. The Plaintiff has been harassed and damaged by the Defendant's actions in that she has had to arrange alternate transportation and has been and continue to be forced to expend her time and expenses toward enforcing the automatic stay.

### First Claim for Relief
### (Violation of the Automatic Stay)

15. The allegations in paragraphs 1 through 14 of this complaint are realleged and incorporated herein by this reference.

16. The actions of the Defendant in refusing to return the 2017 Kia Forte to the state of Mississippi, constitute a gross violation of the automatic stay as set forth in 11 U.S.C. § 362(a)(3).

17. As a result of the above violation of 11 U.S.C. § 362, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

### Second Claim for Relief

**(Turnover of Property)**

18.     The allegations in paragraphs 1 through 17 of this complaint are realleged and incorporated herein by this reference.

19.     That Defendant has repossessed the vehicle and refused to return it within a reasonable time frame, despite the fact the automatic stay is in effect.  Despite the bankruptcy protection, Kia has intentionally and willfully violated the provisions contained in Section 362 (a) of the Bankruptcy Code by repossession said vehicle after said bankruptcy was filed on September 17, 2020.

**WHEREFORE,** the Plaintiff having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A.  That this Court find that the Defendant be found in willful violation of the automatic stay provisions of the Bankruptcy Code and of this Court;

B.  That the Debtor requests that this Court immediately order the vehicle, a 2017 Kia Forte wrongfully held by the Defendant be returned;

C.  That the Plaintiff recovers against the Defendant a sum to be determined by the Court in the form of actual damages;

D.  That the Plaintiff recovers against the Defendant a sum a sum to be determined by the Court in the form of punitive damages;

E.  That the Plaintiff recovers against the Defendant all reasonable legal fees and expenses incurred by their attorney;

F.  That the underlying debt to the Defendant be forever canceled and discharged; and

G.  That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated this September 28th 2020,

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.
Attorney for Plaintiff

Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer Ann Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
701 W Pine St.

Hattiesburg, MS 39401
trollins@therollinsfirm.com
601-500-5533